

tion for a preliminary injunction is otherwise denied. Submit order on notice.

So Ordered.

U.S. Dept. of Justice, Civil Rights Div., Washington, D.C. (William B. Fenton, Steven B. Royster, of counsel), for plaintiff.

Albert C. Cosenza, V.P. & Gen. Counsel, N.Y.C. Transit Authority, Brooklyn, NY (Richard Schoolman, of counsel), for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant.**

No. 93 CV 3354.

United States District Court, E.D. New York.

March 17, 1994.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

The United States brought this action against the New York City Transit Authority (Transit Authority) to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII).

The complaint seeks an order enjoining the Transit Authority from (a) continuing an allegedly retaliatory policy as to the manner of investigating discrimination complaints and (b) requiring the Transit Authority to take appropriate measures to overcome the effects of the alleged retaliatory policy. The Transit Authority has moved to dismiss as moot "so much of the complaint as seeks an injunction ordering the defendant to change in a particular manner a policy concerning the defendant's Equal Employment Opportunity Division ... because that policy has been changed precisely in that manner before this action commenced."

I

The parties' papers show, in substance, the following facts.

The Transit Authority, through its Equal Employment Opportunity Division, provides an internal procedure for the investigation and informal resolution of employment discrimination complaints. Pursuant to the policy challenged by the United States, if an employee who had filed an internal complaint

also filed a charge of employment discrimination with a federal, state or city fair employment practices agency, the Transit Authority would transfer the complaint from the Equal Employment Opportunity Division to the Law Department, another branch of the Transit Authority, for continued investigation.

While investigating a charge of employment discrimination the United States Equal Employment Opportunity Commission found reasonable cause to believe that this Transit Authority policy was unlawful retaliatory conduct in violation of Title VII. On April 2, 1993 the Department of Justice so notified the Transit Authority and stated that suit had been authorized.

After the Transit Authority told the Department of Justice of a willingness to modify the policy accordingly, the Department of Justice sought a consent decree requiring the Transit Authority to change its policy to comply with Title VII. The Department of Justice wished to ensure that the Transit Authority would not revert back to the allegedly unlawful practice.

The Transit Authority refused to enter into a consent decree because, among other reasons, it did not agree the policy was unlawful and it wished to preserve its right to reinstate its policy should it ultimately be decreed lawful in later litigation elsewhere. Nonetheless, on June 21, 1993 the Transit Authority changed its policy by issuing an official memorandum from the Transit Authority's President addressed to all Transit Authority employees.

Under the announced new policy, complaints filed with the Equal Employment Opportunity Division will be investigated by that division whether or not the complaining employee also filed a complaint with an outside agency. According to an affidavit of Assistant Vice President Frank Leslie, the Transit Authority has no plans to return to its former policy.

On July 27, 1993, five weeks after the Transit Authority changed its policy, the United States brought this suit.

## II

■ As the Supreme Court ruled, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). "The case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.' The burden is a heavy one." *Id.* at 633, 73 S.Ct. at 897 (citation omitted). Under that case the relevant considerations are as follows:

> The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.... To be considered are the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations.

*Id.* at 633, 73 S.Ct. at 898.

This court has broad discretion in this determination, *id.*, and before divesting itself of jurisdiction, the court may, under Fed. R.Civ.P. 12(b)(1), review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction to hear the action. *See* 2A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 12.07(2.–1) (2d ed. 1993).

■ The court finds that the Transit Authority has made an insufficient showing that the allegedly wrongful behavior cannot be reasonably expected to recur. The Transit Authority has consistently maintained that its prior policy is lawful and states in its brief that, if necessary, it will vigorously defend its position. This is consistent with the Transit Authority's refusal to enter into a consent decree in order to preserve its right to reinstate the policy if it is adjudicated lawful in other litigation. It is thus not "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Consolidated Edison Co. v. New York State Dep't of Envtl. Conservation*, 726 F.Supp. 1404, 1408 (S.D.N.Y.1989) (citations omitted).

### III

The motion to dismiss as moot the portion of the complaint seeking an injunction preventing the Transit Authority from continuing an allegedly retaliatory policy of investigating discrimination complaints is denied.

So Ordered.